No. 21-15124

---

# In the United States Court of Appeals for the Eighth Circuit

---

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,
*Plaintiffs-Appellees*,

v.

CENTER FOR MEDICAL PROGRESS, et al.
*Defendants-Appellants*.

---

On Appeal from the United States
District Court for the Northern District of California,
No. 3:16-cv-00236-WHO

---

**BRIEF OF APPELLANTS CENTER FOR MEDICAL PROGRESS, et al.**

---

Harmeet K. Dhillon
Mark P. Meuser
Jesse Franklin-Murdock
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Tel. 415-433-1700
harmeet@dhillonlaw.com
mmeuser@dhillonlaw.com
jfm@dhillonlaw.com

John M. Reeves
REEVES LAW LLC
7733 Forsyth Blvd.,
    Suite 1100–#1192
St. Louis, MO 63105
(314) 775-6985
reeves@appealsfirm.com
*Attorneys for Appellants the
Center for Medical Progress,
BioMax Procurement Services,
LLC, David Daleiden, and
Gerardo Adrian Lopez*

Catherine W. Short
LIFE LEGAL DEFENSE
FOUNDATION
Post Office Box 1313
Ojai, CA 93024-1313
Tel: (707) 337-6880
kshort@lldf.org
*Attorney for Appellant Albin Rhomberg*

Horatio G. Mihet
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
hmihet@lc.org
*Attorney for Appellant Sandra Susan Merrit*

Christina A. Compagnone
AMERICAN CENTER FOR LAW AND
    JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
202-546-8890
ccompagnone@aclj.org
*Attorney for Appellant Troy Newman*

**CORPORATE DISCLOSURE STATEMENT**

Defendant-Appellant Center for Medical Progress is a nonprofit public benefit corporation organized under the laws of the State of California. It does not have any parent corporation, and no publicly held corporation owns ten percent or more of its stock.

Defendant-Appellant BioMax Procurement Services, LLC, is a privately held limited liability company, wholly owned by the Center for Medical Progress. No publicly held corporation owns ten percent or more of its stock.

## TABLE OF CONTENTS

Corporate Disclosure Statement....................................................3

Table of Contents .........................................................................4

Table of Authorities.....................................................................6

Jurisdictional Statement...............................................................8

    I.   The district court had both federal question jurisdiction and
supplemental jurisdiction over Planned Parenthood's
claims.................................................................................8

    II. This Court has appellate jurisdiction over both the bill of
costs and the order awarding attorneys' fees and non-
statutory costs. ................................................................8

Statement of the Issues.................................................................9

Statement of the Case ................................................................10

    I.   Background and procedural history............................10

    II. The district court awards attorneys' fees and costs over five
times greater than the amount of damages awarded.................12

Summary of the Argument .........................................................13

Standard of Review and Preservation Statement ..................................14

Argument....................................................................................15

    I.   The reversal of the Federal Wiretap Act statutory damages
mandates either a reduction or outright denial of attorneys'
fees, as well as statutory and non-statutory costs. (Issue 1).......15

    II. The award of fees and costs more than five times the
amount of damages that Planned Parenthood received is

inherently unreasonable and must be either reduced or vacated. (Issue 2). ........................................................... 17

III. The district court wrongly awarded attorneys' fees and costs without requiring Planned Parenthood to produce detailed timesheets in support of their claims. (Issue 3). ........... 19

Conclusion ............................................................................. 22

Certificates .......................................................................... 24

TABLE OF AUTHORITIES

## Cases

*Amarel v. Connell,*
    102 F.3d 1494 (9th Cir. 1996) ......................................................... 20

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.,*
    342 F.3d 1016 (9th Cir. 2003) ......................................................... 14

*In re Bard IVC Filters Product Liability Litigation,*
    81 F.4th 897 (9th Cir. 2023) ............................................................. 9

*Intel Corp. v. Terabyte Int'l, Inc.,*
    6 F.3d 614 (9th Cir. 1993) ............................................................... 19

*Lowery v. Rhapsody Int'l, Inc.,*
    75 F.4th 985 (9th Cir. 2023) ................................................ 14, 15, 16

*McGinnis v. Ky. Fried Chicken of Cal.,*
    51 F.3d 805 (9th Cir. 1994) ...................................................... passim

*Meier v. Colvin,*
    727 F.3d 867 (9th Cir. 2013) ........................................................... 14

*N.E. Women's Ctr. v. McMonagle,*
    889 F.2d 466 (3d Cir. 1989) ............................................................ 18

*Planned Parenthood of American, Inc. v. Newman,*
    51 F.4th 1125 (9th Cir. 2022) ......................................................... 12

*Rosario v. Livaditis,*
    963 F.2d 1013 (7th Cir. 1992) ......................................................... 18

## Statutes

28 U.S.C. § 1291 .................................................................................. 9

28 U.S.C. § 1331 .................................................................................. 8

28 U.S.C. § 1367 .................................................................................. 8

**Rules**

Circuit Rule 28-2.8 ................................................................. 8

Fed. R. App. P. 4(a)(1) ........................................................... 9

JURISDICTIONAL STATEMENT

## I. The district court had both federal question jurisdiction and supplemental jurisdiction over Planned Parenthood's claims.

Plaintiffs-Appellees Planned Parenthood, et al. (collectively "Planned Parenthood) alleged fifteen counts in their first amended complaint, all arising out of the same course of events—one federal RICO count, one count under the Federal Wiretap Act, and thirteen various state statutory or common law counts. (Doc.59:44-67).[1] The district court had subject matter juri sdiction over the first two federal counts pursuant to the federal question doctrine. 28 U.S.C. § 1331. This gave the district court supplemental subject matter jurisdiction over all the remaining state law claims. 28 U.S.C. § 1367.

## II. This Court has appellate jurisdiction over both the bill of costs and the order awarding attorneys' fees and non-statutory costs.

The district court entered its final judgment on the merits on April 29, 2020. (2-ER-49). Both the Bill of Costs that the district court entered

---

[1] Pursuant to Circuit Rule 28-2.8, any citations directly to the PACER record are limited to matters that constitute general, undisputed background information. Such citations are made as "Doc.[PACER-generated document number]:[PACER-generated page number]."

on December 23, 2020, and the Order setting the amount of attorneys' fees the district court entered on January 12, 2021 (1-ER-2–3) were final judgments for purposes of appeal. *See In re Bard IVC Filters Product Liability Litigation*, 81 F.4th 897, 905 (9th Cir. 2023) ("In determining whether fee awards are final for purposes of [appeal], we consider whether there was a final judgment on the merits, and whether there was a final determination on the fees question."). Both of these orders were timely appealed on January 1, 2021. (4-ER-580). *See* Fed. R. App. P. 4(a)(1) (requiring a notice of appeal to be filed within 30 days of the entry of final judgment). This Court accordingly has appellate jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. An award of attorneys' fees and both statutory and non-statutory costs should be commensurate with the prevailing party's level of success. The Ninth Circuit reversed the award of $90,000 in statutory damages under the Federal Wiretap Act. Should the award of attorneys' fees be likewise reduced or negated?

2. An award of attorneys' fees and statutory and non-statutory costs must ordinarily be proportional to the amount of damages awarded.

9

Planned Parenthood was awarded attorneys' fees and non-statutory costs totaling over five times the amount of damages it was awarded. Did the district court err in awarding Planned Parenthood such a disproportionate amount of attorneys' fees?

3. A claim of attorneys' fees must ordinarily be supported by timesheets made at or near the time of the legal work performed. Planned Parenthood did not submit any timesheets, instead submitting conclusory declarations from attorneys that summarized their work done. Did the district court err in not requiring Planned Parenthood to submit such timesheets?

**STATEMENT OF THE CASE**

## I. Background and procedural history.

Defendants-Appellants Center for Medical Progress, BioMax Procurement Services, LLC, David Daleiden, Gerardo Adrian Lopez, Albin Rhomberg, Susan Merritt, and Troy Newman (collectively "Pro-Life Parties"), as part of an undercover investigative reporting operation, obtained undercover footage of Planned Parenthood demonstrating that they regularly harvested fetal organ tissue. (2-ER-34–35). In retaliation, Planned Parenthood brought this lawsuit against

Pro-Life Parties, "seeking compensatory, statutory, and punitive damage s for claims including violation of civil RICO, federal wiretapping law, state wiretapping laws, civil conspiracy, breach of contracts, trespass, and fraud." (2-ER-38). It also sought injunctive relief against Pro-Life Parties. (2-ER-38).

While the district court declined to grant summary judgment to Pro-Life Parties in full (4-ER-442 – 578), it did significantly narrow the scope of damages that Planned Parenthood could recover. Specifically, the district court ruled that "[t]he potentially recoverable damages are for personal security costs for individuals targeted by the defendants and for measures to investigate the intrustions and upgrade the security measures mean to vet and restrict future access to the conferences and facilities." (4-ER-443). It excluded from damages "more general expenses to upgrade physical security at Planned Parenthood facilities as well as the time and expense [Planned Parenthood] incurred in responding to the threats and acts of third parties following the release of the videos." (4-ER-443–444).

Following a jury trial, the district court awarded Planned Parenthood a total of $2,425,084 in damages (2-ER-39; 2-ER-55–57).

11

Out of this total, $90,000 was made of federal wiretapping statutory damages. The Ninth Circuit reversed the federal wiretapping count and vacated the statutory damages on appeal. (2-ER-34); *Planned Parenthood of American, Inc. v. Newman*, 51 F.4th 1125, 1130 (9th Cir. 2022). This appeal was commenced at approximately the same time as the appeal of the merits judgment, but was stayed pending the disposition of the merits appeal, including at the Supreme Court of the United States. (No. 21-15124, Doc.11). This Court lifted the stay after the Supreme Court denied certiorari in the merits judgment appeal. (No.21-15124, Doc.27).

## II.  The district court awards attorneys' fees and costs over five times greater than the amount of damages awarded.

In moving for attorneys' fees and costs, Planned Parenthood did not submit any timesheets detailing the extent of their work incurred. Instead, it limited itself to submitting declarations of attorneys that summarized the amount of time and work they had spent on the case. (3-ER-307–440). It also denied Pro-Life Parties' motion to compel Planned Parenthood to produce their timesheets. (1-ER-21–22). The district court ended up awarding Planned Parenthood a total of

$13,950,775.96 (1-ER-2–3), over five times the $2,425,084 awarded in

damages. (2-ER-39).

## SUMMARY OF THE ARGUMENT

District courts do not have unfettered discretion in deciding to

award attorneys' fees and costs. Such an award must bear a rational

relationship to the degree of success the prevailing party obtained at

trial, and must be supported by specific evidence. None of that

happened here. The district court awarded Planned Parenthood an

amount of attorneys' fees and costs that is over five times greater than

the amount of damages they received. As a matter of law, this is

excessive. *See McGinnis v. Ky. Fried Chicken of Cal.*, 51 F.3d 805, 810

(9th Cir. 1994) (reversing an award of attorneys' fees and costs four

times greater than the damages awarded). This is especially so in light

of how this Court, in the original merits appeal, vacated the Federal

Wiretap Act claim and the award of $90,000 in statutory damages

against Pro-Life Parties. (2-ER-34; 2-ER-46). And contrary to what the

district court concluded, all of Planned Parenthood's claims for

attorneys' fees were required to be supported by detailed timesheets,

which it failed to submit. This mandates reversal and either outright

13

denying all attorneys' fees and costs or remanding for a reduction in such fees and costs. Such a remand should include directions that Planned Parenthood produce its detailed timesheets.

### STANDARD OF REVIEW AND PRESERVATION STATEMENT

A district court's rulings on attorneys' fees and costs are reviewed for an abuse of discretion. *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 991 (9th Cir. 2023) (attorneys' fees); *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003) (costs). "A district court abuses its discretion when it fails to apply the correct legal rule or its application of the correct legal rule is illogical, implausible[,] or without support in inferences that may be drawn from the record." *Meier v. Colvin*, 727 F.3d 867, 869-70 (9th Cir. 2013).

With regard to Issue 1, Pro-Life Parties were unable to raise the Ninth Circuit's reversal of the Federal Wiretap Act count in the district court because that reversal did not come until after Pro-Life Parties filed their notice of appeal from the fee awards. (1-ER-1–2; 2-ER-34; 4-ER-580). Nothing prevents this Court from reviewing the issue as part of this appeal. As to Issues 2 and 3, Pro-Life Parties raised both of them in their opposition to Planned Parenthood's motion for attorneys' fees

and in their objections to Planned Parenthood's proposed bill of costs.

(2-ER-94–95; 2-ER-117–18; 2-ER-121–128).

ARGUMENT

## I. The reversal of the Federal Wiretap Act statutory damages mandates either a reduction or outright denial of attorneys' fees, as well as statutory and non-statutory costs. (Issue 1).

Normally, the recovery of both attorneys' fees and costs must be proportionate to the degree of a prevailing party's success. *McGinnis*, 51 F.3d at 810; *Lowery*, 75 F.4th at 995 ("District courts awarding attorneys' fees in class actions under the Copyright Act must still generally consider the proportion between the award and the benefit to the class to ensure that the award is reasonable."). Even in matters like civil rights cases, where the "attorneys' fees awarded . . . need not be strictly proportional to monetary damages," *id.* at 994, care must still be taken that an award of attorneys' fees not be disproportionate to the amount of damages awarded. *See McGinnis*, 51 F.3d at 810.

In *McGinnis*, the district court awarded the plaintiff $234,000 in damages, of which $200,000 were in punitive damages. *Id.* at 807. The district court also awarded him $127,242 in attorneys' fees and $20,996.97 in costs. *Id.* On appeal, this Court vacated the award of

15

punitive damages, holding that they were unavailable as a matter of law. *Id*. at 807-08. This reduced the amount of damages to $34,000. The defendant, on appeal, argued that this mandated a reduction in attorneys' fees as well. *Id*. at 809. This Court agreed. "Lawyers might reasonably spend $148,000 worth of time to win $234,000. But no reasonable person would pay lawyers $148,000 to win $34,000." *Id*. at 810. *Accord Lowery*, 75 F.4th at 994 ("No rational person would spend, say, $1 million in legal fees—and endure the hassles and headaches of litigation—to recover only relief that is a small fraction of that amount."). It concluded that "[t]he district court must reduce the attorneys fees award so that it is commensurate with the extent of the plaintiff's success." *Id*.

This Court's abrogation of $90,000 in statutory damages in the merits appeal when it reversed the Federal Wiretap Act claim mandates that the district court reduce—if not completely do away with—the award of attorneys' fees as well as statutory and non-statutory costs.

II. **The award of fees and costs more than five times the amount of damages that Planned Parenthood received is inherently unreasonable and must be either reduced or vacated. (Issue 2).**

As noted above in Issue 1, an award of attorneys' fees and costs must be reasonable and bear some form of reasonable relationship to the amount of damages awarded. Here, the total amount of attorneys' fees and all costs awarded was $13,950,775.96 (1-ER-2–3) after an award of damages totaling $2,425,084 (2-ER-39). In other words, the award of attorneys' fees and costs was over five times higher than the total award of damages.

Such a gross discrepancy between the damages and the attorneys' fees and costs cannot survive under *McGinnis*. As noted above, this Court explicitly found that an award of attorneys' fees totaling $148,000 could not be justified on an award of damages totaling $34,000. *Id*. at 810. In other words, the attorneys' fees award in *McGinnis* was only four times greater than the award of damages, a proportion even smaller than the fivefold proportion in existence here. If no reasonable person would to pay over four times the amount of damages awarded in litigating a case, *see id*., it necessarily follows that no reasonable person

17

would pay over five times the amount of damages incurred in litigating the case.

Recognizing the gross disparity here, the district court nevertheless tried to justify its award by relying (1-ER-10) on two cases from outside this circuit that have held that an award of attorneys' fees under RICO need not be proportionate to the amount of damages awarded in light of the public interest matters that are advanced through civil prosecutions of RICO cases. *See N.E. Women's Ctr. v. McMonagle*, 889 F.2d 466, 474 (3d Cir. 1989); *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992). But this Court in *McGinnis* rejected the notion that a statute's public interest concerns could justify a grossly-disproportionate award of attorneys' fees. The plaintiff in *McGinnis* had brought a state claim of employee discrimination, 51 F.3d at 807, and argued that as a civil rights claim it should enable "the attorneys [to] recover more than the benefit to their client would make reasonable, because they also confer benefits on others throughout society by winning a civil rights claim." *Id.* at 810. This Court, in rejecting that argument, ruled that such a benefit "is not infinite. What the lawyers do for their actual client is an important measure of 'extent of success.'" *Id.*

18

There is no practical difference between the situation in *McGinnis* and the situation here. A five-fold disparity between the damages awarded and the attorneys' fees and costs awarded simply cannot be justified. This is to say nothing of how the district court significantly reduced the scope of damages that Planned Parenthood could recover in its summary judgment order. (4-ER-443–444). The district court failed to take this reduction in Planned Parenthood's success into account. The award of attorneys' fees and costs should be either reduced or eliminated altogether.

III. **The district court wrongly awarded attorneys' fees and costs without requiring Planned Parenthood to produce detailed timesheets in support of their claims. (Issue 3).**

Summaries of the time incurred in litigating a case are normally insufficient to establish the amount of attorneys' fees to be awarded. *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 623 (9th Cir. 1993) ("While summaries can be used in proper circumstances, the underlying material must be made available."). What's more, "[a] proponent of a summary exhibit must establish a foundation that (1) the underlying materials on which the summary exhibit is based are admissible in evidence, and (2) those underlying materials were made available to the

opposing party for inspection." *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996).

Here, the district court not only failed to mandate that Planned Parenthood submit actual timesheets, it also prevented Pro-Life Parties from even obtaining such timesheets from Planned Parenthood in the first place when it denied Pro-Life Parties' motion to compel their production. (1-ER-21–22). It justified this by holding that the submitted declarations of the attorneys in question were detailed enough to conclude whether any tasks were duplicative or unnecessary. (1-ER-21; 1-ER-15–17). But this misses the point—without the original timesheets to compare with the summaries, there was no way for Pro-Life Parties to determine whether the declarations of Planned Parenthood's attorneys were, in fact, an accurate summary of the timesheets.

The district court further tried to justify its decision by declaring that it was not "simply taking 'at face value' the word of the plaintiffs regarding the number of hours expended on this case and the reasonableness of those hours." (1-ER-17). It "looked closely" at the declarations and the supporting exhibits and concluded that they were

reasonable. (1-ER-17). "Absent *any* evidence from defendants identifying specific unreasonableness in terms of subject matter or duplication of effort," the district court concluded it "had ample basis to conclude the hours are a reasonable without requiring plaintiffs to produce underlying timesheets." (1-ER-17). But this conclusion assumes, for the sake of argument, that the summaries Planned Parenthood provided were, in fact, accurate summaries of the timesheets. Pro-Life Parties' entire basis for objecting to the summaries in the first place was that, without being able to compare them to the original timesheets, there was literally no way to know whether they were accurate, regardless of how detailed the summaries might have been. Without the timesheets, furthermore, there was no way for Pro-Life Parties to determine the extent to which Planned Parenthood incurred legal fees for pursuing damages that the district court determined were not recoverable in its summary judgment order. (4-ER-443–444).

In short, the district court abused its discretion in failing to require Planned Parenthood to turn over their timesheets to Pro-Life Parties so that a comparison could be made between the declarations and the

timesheets to determine whether they were accurate. This Court should reverse and either vacate the attorneys' fee and costs award entirely or remand for further proceedings.

## CONCLUSION

This Court should reverse the award of attorneys' fees and costs and either deny such fees and costs altogether or remand to the district court with directions that it reduce the fees and costs to make them more proportionate to the damages awarded and, as part of that, that it order Planned Parenthood to produce it attorneys' detailed timesheets.

Respectfully submitted,

*/s/ John M. Reeves*
John M. Reeves
REEVES LAW LLC
7733 Forsyth Blvd.,
 Suite 1100–#1192
St. Louis, MO 63105
(314) 775-6985
reeves@appealsfirm.com

Harmeet K. Dhillon
Mark P. Meuser
Jesse Franklin-Murdock
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108

22

Tel. 415-433-1700
harmeet@dhillonlaw.com
mmeuser@dhillonlaw.com
jfm@dhillonlaw.com

*Attorneys for Appellants the Center for Medical Progress, BioMax Procurement Services, LLC, David Daleiden, and Gerardo Adrian Lopez*

*/s/ Catherine W. Short*
Catherine W. Short
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, CA 93024-1313
Tel: (707) 337-6880
kshort@lldf.org
*Attorney for Appellant Albin Rhomberg*

*/s/ Horatio G. Mihet*
Horatio G. Mihet
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
hmihet@lc.org
*Attorney for Appellant Sandra Susan Merritt*

*/s/ Christina A. Compagnone*
Christina A. Compagnone
AMERICAN CENTER FOR LAW AND JUSTICE
201 Maryland Ave., NE

23

Washington, DC 20002
202-546-8890
ccompagnone@aclj.org
*Attorney for Appellant Troy*
*Newman*

### CERTIFICATE OF SERVICE

I hereby certify that on **March 18, 2024,** I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ John M. Reeves*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 21-15124

I am the attorney or self-represented party.

**This brief contains** | 2,769 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [         ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s John M. Reeves | **Date** | 3-18-2024
*(use "s/[typed name]" to sign electronically-filed documents)*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form17instructions.pdf

**9th Cir. Case Number(s)** | 21-15124

The undersigned attorney or self-represented party states the following:

○ I am unaware of any related cases currently pending in this court.

○ I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

◉ I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

> Planned Parenthood v. Center for Medical Progress, et al., Nos. 23-4398 and 24-412 (consolidated). These consolidated appeals challenge the district court's denial of Defendants' Rule 60 motion for relief from a final judgment in the same district court case as the current appeal.
>
> National Abortion Federation v. Center for Medical Progress, et al., Nos. 21-16983 & 22-15102 (consolidated). These are appeals from an award of trial-leval attorneys' fees and costs in a case with similar issues arising out of the same operative facts as the current appeal.

**Signature** | /s John M. Reeves | **Date** | 3-18-2024

*(use "s/[typed name]" to sign electronically-filed documents)*

---

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 17** *New 12/01/2018*