No. 21-15124

# In the United States Court of Appeals for the Ninth Circuit

Planned Parenthood Federation of America, Inc., et al.,
*Plaintiffs-Appellees*,

v.

Center for Medical Progress, et al.
*Defendants-Appellants*.

On Appeal from the United States
District Court for the Northern District of California,
No. 3:16-cv-00236-WHO

**Reply Brief of Appellants Center for Medical Progress, et al.**

Harmeet K. Dhillon
Mark P. Meuser
Jesse Franklin-Murdock
Dhillon Law Group Inc.
177 Post Street, Suite 700
San Francisco, CA 94108
Tel. 415-433-1700
harmeet@dhillonlaw.com
mmeuser@dhillonlaw.com
jfm@dhillonlaw.com

John M. Reeves
Reeves Law LLC
7733 Forsyth Blvd.,
    Suite 1100–#1192
St. Louis, MO 63105
(314) 775-6985
reeves@appealsfirm.com
*Attorneys for Appellants the Center for Medical Progress, BioMax Procurement Services, LLC, David Daleiden, and Gerardo Adrian Lopez*

Catherine W. Short
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, CA 93024-1313
Tel: (707) 337-6880
kshort@lldf.org
*Attorney for Appellant Albin Rhomberg*

Horatio G. Mihet
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
hmihet@lc.org
*Attorney for Appellant Sandra Susan Merrit*

Christina A. Compagnone
AMERICAN CENTER FOR LAW AND JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
202-546-8890
ccompagnone@aclj.org
*Attorney for Appellant Troy Newman*

# TABLE OF CONTENTS

Table of Contents ..................................................................................... 3

Table of Authorities ................................................................................. 4

Argument .................................................................................................. 5

    I.   None of the cases Planned Parenthood cites support the proposition that summaries of hours worked—including accompanying affidavits—are sufficient to overcome the opposing party's entitlement to discovery of the underlying timesheets in the context of an attorney's fees dispute. (Issue 3). ................................................................................. 6

Conclusion ............................................................................................. 13

Certificates ............................................................................................ 24

# TABLE OF AUTHORITIES

## Cases

*Ackerman v. Western Elec. Co.*,
   643 F.Supp. 836 (N.D. Cal.) ............................................................... 10

*Ackerman v. Western Electric Co.*
   860 F.2d 1514 (9th Cir. 1988) ........................................................ 8, 10

*Atonio v. Wards Cove Packing Co., Inc.*,
   810 F.2d 1477 (9th Cir. 1987) (en banc) ............................................ 10

*Edwards v. Marin Park, Inc.*,
   356 F.3d 1058 (9th Cir. 2004) ............................................................. 9

*Henry v. Gill Indus., Inc.*,
   983 F.2d 943 (9th Cir. 1993) ..................................................... 8, 9, 10

*Intel Corp. v. Terabyte Intern., Inc.*,
   6 F.3d 614 (9th Cir. 1993) ........................................................... passim

*Lobatz v. U.S.W. Cellular of California, Inc.*,
   222 F.3d 1142 (9th Cir. 2000) ........................................................ 8, 10

*Manhart v. City of Los Angeles*,
   652 F.2d 904 (9th Cir. 1981) ..................................................... 8, 11, 12

*Sablan v. Dept. of Finance of Com. Of Northern Mariana Islands*,
   856 F.2d 1317 (9th Cir. 1988) ............................................ 8, 11, 12, 13

*Shakey's Incorporated v. Covalt*,
   704 F.2d 426 (9th Cir., 1983) .................................................. 8, 11, 12

*Williams v. Alioto*,
   625 F.2d 845 (9th Cir. 1980) ........................................................ 8, 11

## Rules

Fed. R. Evid. 1006 ................................................................... 6, 7, 9, 13

**ARGUMENT**

In their Opposition Brief (Opp.Br.), Appellees Planned Parenthood, et al. (collectively "Planned Parenthood") insist that the district court did not abuse its discretion in awarding them attorney's fees and costs. Appellants Center for Medical Progress, et al. (collectively "Pro-Life Parties") rest on their Opening Brief arguments regarding the first two issues discussed and will not add to them here. Rather, this Reply Brief focuses on the third issue—that the district court abused its discretion in denying Pro-Life Parties' motion to compel the disclosure of the underlying, contemporaneously-made billing records to support Planned Parenthood's submitted summaries and affidavits. None of the cases that Planned Parenthood cites support its claim that billing summaries and affidavits, by themselves, are sufficient to support an award of attorney's fees absent other circumstances not present here. While such summaries may be appropriate where a district court substantially reduces the requested fee award, they are not sufficient when the district court—as it did here—makes a fee award at or near that requested by the prevailing party. The district court's failure to allow

5

discovery on this issue mandates reversal and remand for further proceedings.

I. **None of the cases Planned Parenthood cites support the proposition that summaries and affidavits are sufficient to overcome the opposing party's entitlement to discovery of the underlying timesheets in the context of an attorney's fees dispute. (Issue 3).**

This Court has explicitly ruled that the losing party is not required to take the prevailing party's word that its summaries are an accurate reflection of the time spent on a case. *See Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 623 (9th Cir. 1993). In *Intel Corp.*, this Court held that "Terabyte [as the losing party] was not required to take Intel's word [as the prevailing party] that every hour was needed and all overlap had been eliminated." *Id*. "While summaries can be used in proper circumstances," this Court—citing Fed. R. Evid. 1006—went on to emphasize that "the underlying material *must* be made available." *Id.* (emphasis added). As a matter of law, the district court erred in holding that Pro-Life Parties *must* defer to Planned Parenthood's billing summaries without any opportunity to review the billing records serving as the basis of those summaries. While the district court faulted Pro-Life Parties for not identifying with particularity—based on

6

personal knowledge—any specific concern that they had with Planned Parenthood's summaries (2-ER-16 n.11), this criticism misses the point and creates a Catch-22. The Pro-Life Parties don't have the knowledge to assess the evidentiary basis for Planned Parenthood's summaries yet were denied the opportunity to review the materials that would let them know if there was any reason that the billing summaries *should* be questioned. Neither the district court nor Planned Parenthood cited any caselaw holding that the losing party's personal knowledge of a problem with the billing requests is a prerequisite for obtaining contemporaneous timesheets to support billing summaries. Indeed, given that the vast majority of legal work is confidential and conducted outside the presence of opposing counsel, a requirement of personal knowledge would be an unfair barrier to the losing parties' ability to challenge the appropriateness of fees sought.

The district court's ruling cannot stand under either *Intel Corp.* or the plain language of Fed. R. Evid. 1006, which requires the proponent of a summary to "make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Indeed, *Intel Corp.* explicitly cited to Fed. R. Evid. 1006 in

7

support of its conclusion that the losing party did not need to rely on the credibility of the prevailing party's summaries and that "the underlying material must be made available." *Intel Corp.*, 6 F.3d at 623.

Seeking to avoid the plain consequences of *Intel Corp.*, Planned Parenthood relies primarily (Opp.Br. 31–38) on seven readily distinguishable cases— *Henry v. Gill Indus., Inc.*, 983 F.2d 943 (9th Cir. 1993); *Lobatz v. U.S.W. Cellular of California, Inc.*, 222 F.3d 1142 (9th Cir. 2000); *Ackerman v. Western Electric Co.* 860 F.2d 1514 (9th Cir. 1988); *Williams v. Alioto*, 625 F.2d 845 (9th Cir. 1980); *Sablan v. Dept. of Finance of Com. Of Northern Mariana Islands*, 856 F.2d 1317 (9th Cir. 1988); *Shakey's Incorporated v. Covalt*, 704 F.2d 426 (9th Cir., 1983); and *Manhart v. City of Los Angeles*, 652 F.2d 904 (9th Cir. 1981), *vacated on other grounds*, 461 U.S. 951 (1983). None of these cases stand for the proposition Planned Parenthood asserts.

In *Henry*, this Court affirmed the district court's award of attorney's fees based on summaries without requiring contemporaneously-created billing sheets because "any doubts [the district court] may have had regarding the sufficiency of the documentation submitted in support of the fee application had been obviated by awarding only one-third of the

8

amount of fees requested by [the prevailing party]." *Henry*, 983 F.2d at 946. In other words, while the district court relied exclusively on summaries provided by the prevailing party, any harm that may have resulted was cured by the court's dramatic reduction in the amount of the award. The same cannot be said here. Planned Parenthood asked for attorney's fees totaling $14,730.435.31 (3-ER-306), and the district court awarded fees of $12,782.891.25 (1-ER-2), marginally less than the requested amount. This is a far cry from the situation in *Henry*.

In *Henry*, it was only after observing that the district court cured any potential prejudice in relying exclusively on the billing summaries that this Court later faulted the losing party for relying on Fed. R. Evid. 1006 in seeking production of the billing records. *Henry*, 983 F.2d at 946 n.1. While it would appear at first glance that *Henry* conflicts with *Intel Corp.'s* holding that the rule mandates the disclosure of such records, *see Intel Corp.*, 6 F.3d at 623, the district court's reduction of the fees to a third of what was requested in *Henry* make that case distinguishable from *Intel Corp. See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (holding that "[it] is our obligation . . . to reconcile [controlling precedents], if possible, so as to avoid an intracircuit

9

conflict necessitating en banc consideration."). Should this Court disagree that *Henry* is distinguishable from *Intel Corp.*, the proper remedy is to grant en banc review to this case. *See Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477, 1478–79 (9th Cir. 1987) (en banc) (holding that if a case is "controlled by contradictory precedents . . . the appropriate mechanism for resolving an irreconcilable conflict is . . . [a] call for en banc review.").

Planned Parenthood fairs no better in its reliance on *Lobatz* or *Ackerman*. In *Lobatz*, this Court held, without any further elaboration, that the appellant seeking discovery of the basis for attorney's fees "failed to show any legitimate need for the records she sought." *Lobatz*, 222 F.3d at 1148. Unlike Pro-Life Parties here, the appellant in *Lobatz* did not challenge the veracity of the summaries themselves. As for *Ackerman*, even though the district court did not require the production of the contemporaneous billing sheets—*Ackerman v. Western Elec. Co.*, 643 F.Supp. 836, 864–67 (N.D. Cal.)—similar to *Henry*, the district court substantially reduced the requested billable hours due to insufficient supporting records. *Ackerman*, 860 F.2d at 1520 ("[I]n the case of Ackerman's principal attorney, the time records were wholly

10

deficient; the trial judge was entitled to reduce the award accordingly."). No substantial reduction of Planned Parenthood's request took place here.

Planned Parenthood fares no better in its reliance on *Williams*, *Manhart*, *Shakey's*, or *Sablan*. In *Williams*, the losing party at the district court stipulated with opposing counsel that it would not request any further evidence beyond the prevailing party's billing summaries in support of the attorney's fees award, but then made a late request to back out of this stipulation. *Williams*, 625 F.2d at 849. This Court held on appeal that the losing party, having made such a stipulation, could not reverse course and argue the district court erred in relying on such summaries in assessing the amount of attorney's fees to be awarded. *Id*. at 849. ("[I]n light of the lateness of the request, the district court properly denied the request [for additional discovery] . . . ."). It was only in this context that this Court held that "[t]he affidavits before the court were sufficiently detailed to enable the court to consider all the factors necessary in setting the fees." *Id*. Pro-Life Parties made no such stipulation here.

11

Nor is *Manhart* of any help to Planned Parenthood. There, the losing party challenged not the affidavits and billing summaries themselves, but rather the district court's failure "to make detailed findings" in making an award of attorney's fees. *Manhart*, 652 F.2d at 908. At no time did the losing party in *Manhart* seek discovery of the underlying billing statements supporting the submitted affidavits and summaries. The same is true of *Shakey's*. There, the losing party challenged the district court's alleged failure to apply all of the relevant factors in assessing the accuracy of the award of attorney's fees, but did not argue the district court erred in denying it discovery of the underlying billing statements. *Shakey's*, 704 F.2d at 435–36. Finally, in *Sablan* the losing party did not even challenge the amount of attorney's fees awarded on appeal. Instead, it challenged the district court's award of attorney's fees without first holding an evidentiary hearing. *Sablan*, 856 F.2d at 1321–22. Critically, this Court held that "[f]ee awards . . . need not be preceded by an evidentiary hearing if the record and supporting affidavits are sufficiently detailed to provide an adequate basis for calculating the award . . . *and* if the material facts necessary to calculate the award are not genuinely in dispute." *Id*. (emphasis in

12

original). Unlike *Sablan*, Pro-Life Parties have challenged the underlying material facts forming the basis of the district court's attorney's fees award.

In short, Pro-Life Parties were entitled to see Planned Parenthood's contemporaneously-created, underlying billing statements supporting their submitted summaries. Both *Intel Corp.* and Fed. R. Evid. 1006 mandate the disclosure of such materials, and the district court abused its discretion in denying Pro-Life Parties' motion to compel their disclosure.

## CONCLUSION

This Court should reverse the award of attorneys' fees and costs and either deny such fees and costs altogether or remand to the district court with directions that it reduce the fees and costs to make them more proportionate to the damages awarded and, as part of that, that it order Planned Parenthood to produce it attorneys' detailed timesheets.

Respectfully submitted,

*/s/ John M. Reeves*
John M. Reeves
REEVES LAW LLC
7733 Forsyth Blvd.,

13

Suite 1100–#1192
St. Louis, MO 63105
(314) 775-6985
reeves@appealsfirm.com

Harmeet K. Dhillon
Mark P. Meuser
Jesse Franklin-Murdock
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Tel. 415-433-1700
harmeet@dhillonlaw.com
mmeuser@dhillonlaw.com
jfm@dhillonlaw.com

*Attorneys for Appellants the Center for Medical Progress, BioMax Procurement Services, LLC, David Daleiden, and Gerardo Adrian Lopez*

 */s/ Catherine W. Short*
 Catherine W. Short
 LIFE LEGAL DEFENSE FOUNDATION
 Post Office Box 1313
 Ojai, CA 93024-1313
 Tel: (707) 337-6880
 kshort@lldf.org
 *Attorney for Appellant Albin Rhomberg*

 */s/ Horatio G. Mihet*
 Horatio G. Mihet
 LIBERTY COUNSEL

14

> P.O. Box 540774
> Orlando, FL 32854
> (407) 875-1776
> hmihet@lc.org
> *Attorney for Appellant Sandra Susan Merritt*
>
> */s/ Christina A. Compagnone*
> Christina A. Compagnone
> AMERICAN CENTER FOR LAW AND JUSTICE
> 201 Maryland Ave., NE
> Washington, DC 20002
> 202-546-8890
> ccompagnone@aclj.org
> *Attorney for Appellant Troy Newman*

## CERTIFICATE OF SERVICE

I hereby certify that on **July 8, 2024,** I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ John M. Reeves*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 21-15124

I am the attorney or self-represented party.

**This brief contains** 1,770 **words**, including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- ( • ) complies with the word limit of Cir. R. 32-1.

- ( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

- ( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

- ( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

- ( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    - [ ] it is a joint brief submitted by separately represented parties.
    - [ ] a party or parties are filing a single brief in response to multiple briefs.
    - [ ] a party or parties are filing a single brief in response to a longer joint brief.

- ( ) complies with the length limit designated by court order dated _____.

- ( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s John M. Reeves **Date** 7-8-2024
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 8                                                                                      Rev. 12/01/22

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form17instructions.pdf

**9th Cir. Case Number(s)** | 21-15124

The undersigned attorney or self-represented party states the following:

○ I am unaware of any related cases currently pending in this court.

○ I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

⦿ I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

> Planned Parenthood v. Center for Medical Progress, et al., Nos. 23-4398 and 24-412 (consolidated). These consolidated appeals challenge the district court's denial of Defendants' Rule 60 motion for relief from a final judgment in the same district court case as the current appeal.
> Planned Parenthood v. Center for Med. Progress, et al., Nos. 24-3526, 24-3532, 24-3536 (mtn to consolidate pending). These appeals challenge the district court's supplemental award of attorney's fees incurred in the first round of merits appeals.
> National Abortion Federation v. Center for Medical Progress, et al., Nos. 21-16983 & 22-15102 (consolidated). These are appeals from an award of trial-leval attorneys' fees and costs in a case with similar issues arising out

**Signature** | /s John M. Reeves    **Date** | 7-8-2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 17                                                                                     New 12/01/2018